

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison,
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Mr. Murchison:     Opinion No. O-4949

                    Re:  Construction of S. B. 125,
                          Regular Session 47th Legis-
                          lature, with respect to the
                          appointment of a guardian
                          for an incompetent person.

      Your letter asking an opinion upon the above sub-
ject matter is before us, and reads as follows:

      "Senate Bill 125, Acts of the 47th Legisla-
ture, Regular Session, makes provision for the
types of persons for whom a guardian may be ap-
pointed, enumerating them as, ' . . . minors
fourteen (14) years of age or over, persons al-
leged to be of unsound mind or habitual drunkards,
and persons for whom or for whose estates it is
alleged to be necessary to have a guardian ap-
pointed to receive funds from the State and/or
Federal Government. . . .'

      "The law makes further provision for the
procedure to be followed in establishing the
necessity for appointment of a guardian in order
that the person may receive State and/or Federal
funds.

      "Senate Bill 125, Section 4, also makes pro-
vision for the appointment of a successor guard-
ian in the event the guardian dies, resigns, or is
removed.

      "The question has come before us in the case
of an old age assistance recipient who on June 20,
1918 was declared mentally incompetent and a guard-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ian appointed for her. The guardian filed
bond, inventory, appraisal and list of claims;
however, so far as the records show the guard-
ian did not make any other report to the Court
or did not make final accounting. The guardian
is dead, and our recipient, although still men-
tally incompetent has been receiving assistance
in her own name for the past three or four years.
It is admitted that she is still not competent
to take care of her own affairs.

"Can the Court appoint a guardian upon the
certificate of the Executive Director of this
Department or his representative as provided
for in Senate Bill 125? If so, is this guardian
responsible for the entire estate of the recip-
ient or just that particular part which she re-
ceives from the State and/or Federal Government?
In other words, does the appointment of a guard-
ian under Senate Bill 125 for the purpose of re-
ceiving Federal and/or State funds mean that the
authority of a guardian so appointed is limited
to the receipt and expenditure of the funds re-
ceived from the State and/or Federal Government
or is the guardian so appointed responsible for
the entire estate.

"Since the person has not been actually ad-
judged incompetent, does the guardian have the
authority to act in any respect other than for
the purpose of receiving and expending these
said funds?"

S. B. No. 125 is an amendment of various Articles
of Revised Civil Statutes, 1925, under the provisions of
which undoubtedly the County Court, having jurisdiction
thereof, is authorized to appoint a guardian for one of
unsound mind, when necessary to receive funds or money
due from the State and/or federal government. (Arts. 4116,
4121, 4123 and 4272, as amended in S. B. 125).

It does not follow from this, however, that the
appointment of a guardian of the incompetent's estate is
limited to that part of the estate received or to be received
from the State or the Federal Government.

There is nothing in the amendment made by S. B. No. 125 to indicate that the guardianship of the estate granted because of the necessity therefor to receive such State or Federal aid, is other than a general guardianship of the incompetent's estate. The liability of the guardian and his bondsmen upon such letters would extend, therefore, not only to the moneys received from the State and/or Federal Government, but likewise to any other moneys, funds or property whatsoever owned by the ward.

In such a case the court may act upon the application of any one interested in the proceeding, including, of course, the Executive Director of your department.

Under the facts of your immediate case, it would not be necessary to institute a new guardianship proceeding, since a successor may be appointed under Article 4228 et seq of the Revised Civil Statutes.

Trusting that we have sufficiently answered your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED OCT 30 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN